### WILLIAM W. MOORE v. W O O W, INC.

(Filed 21 September, 1960.)

**1. Corporations § 7—**

Allegations to the effect that a named individual acting in his capacity as vice president, director and incorporator of a broadcasting company purchased from plaintiff certain equipment used in connection with broadcasting, and that thereafter the broadcasting company retained and used the equipment in its business, sufficiently alleges that the individual was the agent, real or apparent, of the defendant corporation, since an officer of a corporation ordinarily has authority to purchase for it equipment necessary to its business.

**2. Same—**

Where an officer or agent is held out by a corporation or has been permitted by it to act for it in the management of its affairs in the usual course of the corporate business, so that a reasonably prudent person is justified in assuming that the officer or agent has authority to act for the corporation in such matters, the corporation is bound by such apparent authority and is estopped from denying such authority as against a person dealing with the officer or agent in good faith.

**3. Pleadings § 12—**

Exhibits attached to the complaint and made parts thereof are to be considered in passing upon a demurrer.

**4. Same—**

A demurrer admits the truth of factual averments well stated and

such relevant inferences of fact as may be deduced therefrom, but it does not admit conclusions of law asserted by the pleader.

5. Same—

Upon demurrer, a complaint will be liberally construed with a view to substantial justice between the parties, and the pleader given the benefit of every reasonable intendment in his favor. G.S. 1-151.

6. Pleadings § 2—

The complaint should state in a plain and concise manner the essential or ultimate facts constituting the cause of action, but it should not allege the evidence to prove such facts, and need not plead the law. G.S. 1-122(2).

7. Sales § 20—

The fact that a complaint has attached to it as an exhibit a memorandum stating that the memorandum was executed pending the preparation and signing of the sales contract in question does not render the complaint demurrable for failure to allege an executed contract when in other parts of the complaint it is specifically alleged that the parties agreed to a sale at a stated price and that the purchaser thereafter retained and used the subject matter of the sale, etc., since such additional allegations present the reasonable inference that the contract mentioned in the exhibit was actually consummated.

8. Corporations § 7—

The evidence in this case is held amply sufficient to be submitted to the jury upon the question of the apparent authority of the vice president of defendant corporation to execute for the corporation the contract sued on, or the estoppel of the corporation to deny such authority.

9. Pleadings § 25—

In this action on a sales contract, defendant contended that plaintiff did not own the property plaintiff purported to sell to defendant, but that the property belonged to a corporation of which plaintiff was an officer, that such corporation had theretofore sold the property to defendant and that plaintiff was attempting to sell the same property twice. Held: There being no sufficient evidence of estoppel against plaintiff, and defendant's contention as to ownership of the property having been fully submitted to the jury in the instructions of the court, plaintiff's motion in the Supreme Court for leave to amend its answer to allege plaintiff's want of ownership and estoppel is denied.

RODMAN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from Preyer, J., May Term, 1960, of BEAUFORT. Civil action to recover $2,000.00 allegedly due on certain equipment owned by plaintiff and used by Pamlico Broadcasting Company, Inc., and sold by him to defendant.

The jury found by its verdict that plaintiff was the owner on

about 19 February 1958 of this equipment as described in Annex A of his complaint, that plaintiff agreed to sell and defendant agreed to buy this equipment as described in Annex A of the complaint; and that plaintiff was entitled to recover $2,000.00 from defendant. The jury further found by its verdict that plaintiff was not the owner of and entitled to the possession of the FM Tuner and FM Booster described in the complaint.

From judgment entered in accord with the verdict, defendant appeals.

*Wilkinson and Ward for plaintiff, appellee.*
*S. M. Blount and Rodman & Rodman for defendant, appellant.*

PARKER, J. Defendant has filed with his brief a demurrer in the Supreme Court in which it avers that the complaint fails to state a cause of action, in that "the complaint fails to allege that Walter Stiles was the agent, real or apparent, of the defendant corporation, or that he was acting within the course and scope of his authority."

The allegations in the complaint in respect to the sufficiency of the complaint as challenged by the demurrer are in substance: In February 1958 Walter Stiles, vice president, a promoter, and an incorporator of defendant corporation, discussed with plaintiff the possibility of purchasing from him certain equipment owned by him and used at the time by Pamlico Broadcasting Company, Inc. Plaintiff made a list of the equipment owned by him, and indicated a willingness to sell it for $3,000.00. Walter Stiles, acting in his capacity as vice president, a promoter, and incorporator of defendant corporation indicated that the price was agreeable, and said if the incorporators of defendant were successful in their efforts to operate a radio station, the corporation would like to hire plaintiff as its general manager. Defendant corporation commenced business about 13 April 1958, and hired plaintiff as its general manager. A few days thereafter Walter Stiles acting as vice president of defendant told plaintiff the price of $3,000.00 for the equipment was satisfactory.

A few days subsequent to 13 April 1958, Walter Stiles acting in his capacity as vice president of defendant told plaintiff the defendant corporation desired to purchase certain equipment from plaintiff — a list of which is attached — and that the price of $3,000.00 was satisfactory to defendant.

In August 1958 plaintiff inquired of Walter Stiles when the defendant would be ready to purchase the equipment. A short time

before this he had asked Walter Stiles when payment would be made, and Stiles said defendant corporation was not then able to set a definite date, that the financial position of defendant was such it could not pay $3,000.00 in cash. Plaintiff then prepared an inventory. Walter Stiles acting in his official capacity as an officer and incorporator of defendant examined the inventory, and said defendant had no use for the tape recorder. Plaintiff agreed to remove the tape recorder, and in order to reach a binding agreement reduced the price to $2,500.00. When plaintiff made this reduction, Walter Stiles acting in his capacity as officer, director, and incorporator of defendant and in furtherance of its purposes told plaintiff the defendant would pay $2,500.00, but did not name a definite time, saying it would be within two or three days.

About 6 September 1958, as nothing had been done to consummate the tentative agreement, plaintiff told Stiles that it would be necessary for the corporation to make immediate arrangements to pay all or a part of the $2,500.00. Thereupon the defendant through its officer and agent Stiles caused the following memorandum to be prepared, which is attached to the complaint as Exhibit B and made a part thereof:

"AGREEMENT

September 6, 1958.

"William W. Moore has offered for sale to W O O W, Inc., certain pieces of equipment and program material, all of which are owned solely by him, in consideration of $2,500. A listing of said equipment and program material is included herewith.

"Pending the preparation and signing of a mutually agreeable sales contract covering the above, by William W. Moore and John P. Gallagher, President of W O O W, Inc., Five Hundred Dollars ($500), receipt of which is hereby acknowledged, is being advanced to William W. Moore, by W O O W, Inc., (W O O W, Inc., check # ch. 220, dated 9/8/58).

Accepted:

      W O O W, Inc.
      (s) WALTER STILES
      By: WALTER STILES, V. P.

Witness_____
(s) WM. W. MOORE
    WILLIAM W. MOORE
Date: 9-8-58."

During the months of September and October thereafter plaintiff repeatedly reminded defendant that the remaining $2,000.00 on the price of the equipment was due and unpaid, and on each occasion he was put off though all the equipment listed in the written agreement of 6 September 1958 was being used daily by the defendant corporation for its purposes and benefit. In October Stiles told plaintiff that defendant corporation was attempting to move to Greenville, North Carolina, that pending action on its application by the Federal Communications Commission, payment could not be made, but immediately after such application had been acted upon, which would be in a few days, the defendant would pay immediately.

Defendant corporation has never paid plaintiff any part of the $2,000.00, although the defendant has continued to retain possession of the equipment listed in the agreement of 6 September 1958, and has continued to use the same for its purposes. There was a valid sale of this equipment to plaintiff by defendant for a price stated and agreed.

There is this averment in the complaint, "there was a valid sale of the same (relating to the articles listed in Annex A attached to the complaint) by plaintiff to defendant for a price stated and agreed." Considering the character of defendant's business as alleged in the complaint, it was unquestionably in the power of defendant corporation to give authority to its own officers to purchase this equipment listed in Annex A to the complaint which the nature of defendant's business required in its operation. A corporation must necessarily act and contract through its officers or agents. 13 Am. Jur., Corporations, p. 852.

There is this fundamental and well settled rule of law that when, in the usual course of the corporate business, an officer or other agent is held out by the corporation or has been permitted to act for it or manage its affairs in such a way as to justify third persons dealing with such officer or agent in good faith in inferring or assuming that he is doing an act or making a contract within the scope of his authority, and who deals with him in good faith in reliance on such authority, the corporation is bound thereby, even though such officer or agent has not the actual authority from the corporation to make such a contract. This authority is known as apparent or ostensible authority. *Bank v. Hay*, 143 N.C. 326, 55 S.E. 811, quoted with approval in *R. R. v. Lassiter & Co.*, 207 N.C. 408, 177 S.E. 2d 9; 13 Am. Jur., Corporations, §890, where cases from many jurisdictions are cited; 19 C.J.S., Corporations, §996.

It would seem that this apparent authority rule is closely related to, and is based upon the same principle as authority by estoppel. Fletcher, Cyclopedia Corporations, Per. Ed., Vol. 2, §449. This is said in 13 Am. Jur., Corporations, p. 871: "A corporation which, by its voluntary act, places an officer or agent in such a position or situation that persons of ordinary prudence, conversant with business usages and the nature of the particular business, are justified in assuming that he has authority to perform the act in question and deal with him upon that assumption is estopped as against such persons from denying the officer's or agent's authority." See also *Barrow v. Barrow,* 220 N.C. 70, 16 S.E. 2d 460; 2 Am. Jur., Agency, §104 — Estoppel of Principal to Deny Authority.

Annex A and Exhibit B are attached to the complaint and made parts thereof, therefore, they can be considered on the demurrer. 71 C.J.S., Pleading, §257; 41 Am. Jur., Pleading, §246.

A demurrer admits the truth of factual averments well stated and such relevant inferences as may be deduced therefrom, but it does not admit any legal inferences or conclusions of law asserted by the pleader. In considering a demurrer we are required to construe the pleading challenged liberally with a view to substantial justice between the parties, and to make every reasonable intendment in favor of the pleader. N.C. G.S. 1-151; *Hedrick v. Graham,* 245 N.C. 249, 96 S.E. 2d 129.

The function of a complaint is to state in a plain and concise manner the material, essential or ultimate facts which constitute the cause of action, but not the evidence to prove them. N.C. G.S. 1-122(2); *Parker v. White,* 237 N.C. 607, 75 S.E. 2d 615. It is not necessary to plead the law. The law arises upon the facts alleged, and the court is presumed to know the law. *Jones v. Loan Association,* 252 N.C. 626, 114 S.E. 2d 638; McIntosh, N.C. Practice and Procedure, 2nd Ed., p. 528.

The complaint alleges there was a valid sale of the equipment listed in Annex A, which is attached to the complaint and made a part thereof, by plaintiff to defendant corporation for a price stated and agreed. While the written agreement marked Exhibit B attached to the complaint and made a part thereof speaks of pending the preparation and signing of a mutually agreeable contract covering this equipment by plaintiff and John P. Gallagher, president of defendant, the complaint avers "the defendant has continued to retain possession of and dominion over the said articles set out in Annex A and has continued to use same for its own purposes." This, and other allegations in the complaint, permit the reasonable infer-

ence that the contract to be made mentioned in Exhibit B was actually consummated by the parties with Walter Stiles acting for defendant. There are these significant allegations in substance in the complaint, *inter alia:* During the negotiations between plaintiff and Stiles, the price of $3,000.00 for the equipment was stated by Stiles as satisfactory to defendant, and Stiles said the defendant had no use for the tape recorder. Whereupon, the price was reduced to $2,500.00. And further during the negotiations Stiles told plaintiff if the incorporators of defendant were successful in their efforts to operate a radio station, defendant would like to hire plaintiff as its general manager, and when the defendant commenced business in April 1958, defendant hired plaintiff as its general manager.

While the complaint is inartistically drafted, yet construing it liberally as we are required to do in passing on a demurrer, it is our opinion that it avers facts sufficient to establish apparent authority of Walter Stiles to make the contract for defendant or estoppel by the corporation to deny agency so as to bind defendant corporation, and to prevent its being overthrown by the demurrer filed in the Supreme Court.

Defendant offered no evidence. It assigns as error its motion for judgment of involuntary nonsuit made at the conclusion of plaintiff's evidence. Defendant's argument seems to be that the evidence is insufficient to show that Walter Stiles was an agent for defendant with sufficient authority to bind defendant, and it relies upon *Hoover v. Indemnity Co.,* 206 N.C. 468, 174 S.E. 308; *Whichard v. Lipe,* 221 N.C. 53, 19 S.E. 2d 14; *Aiken v. Sanderford,* 236 N.C. 760, 73 S.E. 2d 911. These cases are clearly distinguishable: all three are tort actions for damages in which the defendants were sought to be held liable upon the doctrine of *respondeat superior.* We conclude from a careful reading of the evidence that it substantially supports the allegations of the complaint, and is sufficient to carry the case to the jury upon the doctrine of apparent authority or estoppel as set forth above. The trial court correctly denied the motion for an involuntary nonsuit.

Defendant has a number of assignments of error to the admission of evidence over its objection, to failure to strike certain evidence, to the charge of the court, and to the denial of the court of its motion for a peremptory instruction on the first issue. All of these assignments of error have been considered, and all are overruled. It would serve no useful purpose to discuss them in detail.

By a motion filed in this Court on 16 August 1960 defendant prays for leave to amend its answer so as to plead that plaintiff

is estopped to assert any title or interest in the property described in Annex A attached to the complaint, and made a part thereof, for the alleged reason that all this property in February 1958 was owned by Pamlico Broadcasting Company, Inc., and was used by it in the operation of Radio Station W H E D, and that plaintiff as president, general manager, and majority stockholder of Pamlico Broadcasting Company, Inc., and L. B. Wynne sold and conveyed in April 1958 all the tangible assets of Pamlico Broadcasting Company, Inc., to John P. Gallagher. In support of its motion defendant alleges in it that defendant "did not know until after plaintiff testified that he would admit that the items set out in Annex A were used in connection with the operation of Station W H E D or that they had ever been owned by Pamlico Broadcasting Company, Inc."

The complaint in paragraph three alleges, *inter alia*, that "Walter Stiles, presently Vice President of defendant corporation, a promoter and an incorporator of said corporation, discussed with plaintiff the possibility of purchasing from plaintiff certain equipment owned by him and at that time used by the said Pamlico Broadcasting Company, Inc. That plaintiff made a list of certain items of personal property owned by him, indicating the value of said items, and further indicating a willingness to sell same for $2,000.00." This is the answer to paragraph three of the complaint: "It is admitted that prior to April 13, 1958, the facilities being used by the defendant as a radio station were in the possession of Pamlico Broadcasting Company, Inc., and that on or about April 13th the defendant commenced business operations as a radio station, having purchased the physical plant and equipment from John P. Gallagher; and it is further admitted that defendant employed plaintiff as its General Manager. Except as herein admitted the allegations of section 3 are denied."

Defendant had knowledge from the complaint that plaintiff alleged the property in suit here was owned by him, and was used at the time by the Pamlico Broadcasting Company, Inc. Plaintiff's evidence shows that Pamlico Broadcasting Company, Inc., operated Station W H E D, and the motion to amend contains language of similar import.

The pleadings raised the issue as to whether or not plaintiff owned this equipment.

Counsel for defendant cross-examined plaintiff at length in respect to the contract of sale and conveyance by Pamlico Broadcasting Company, Inc., to Gallagher, had plaintiff to identify it, and read parts of it to him. Plaintiff testified on cross-examination

that Pamlico Broadcasting Company, Inc., in consideration of back salary it owed him and could not pay conveyed to him the property he afterwards sold to defendant, that the list of property he owned and submitted to Stiles for a price of $3,000.00 was the same list set forth in Annex A to the complaint, and that he told Stiles this property belonged to him and did not belong to Pamlico Broadcasting Company, Inc.

On redirect-examination plaintiff read in evidence the agreement to sell the property to Gallagher, which agreement was later consummated. This agreement contains this language: "There is excepted however from the terms of this transfer the following articles: one gas heater, one conelrad unit, two tape recorders, various meteorological instruments, one TV tuner, a long play record appendix with 350 records, a 45 RPM record appendix containing approximately 3,000 records, one water cooler, one amplifier, one power unit, one FM tuner, one FM booster, one clock, one national short wave receiver, two mobile units, two roof antennas and one transformer. These articles are all the individual property of W. W. Moore and are separate and apart from the other equipment of the said station which same belongs to the said Wynne." Immediately thereafter plaintiff testified: "All of the property described in Annex A of my complaint is also listed in the contract from which I have just read."

On the first issue the court stated the contentions of defendant on the first issue, to which defendant has no objection, in substance: The defendant contends that these items of property belonged to Pamlico Broadcasting Company, Inc., that the jury ought not to believe it transferred these items to plaintiff, but that the jury ought to believe that it sold these articles with everything else they had to defendant, when Station W H E D was sold to defendant, that plaintiff is selling these items twice, that it was the owner of these items and not plaintiff, and it sold all of them to defendant, and that the jury should answer the first issue No.

So far as the record discloses defendant at no time made a motion to amend its answer in the Superior Court.

The issue of ownership of the property listed in Annex A to the complaint was ably contested before the jury, fairly presented to the jury by the court, and answered by the jury. Defendant saw fit to introduce no evidence. Upon the facts in the record before us, we see nothing to support a plea of estoppel, as contended by de-

fendant. This Court denies defendant's motion to amend its answer filed in this Court.

In the trial below no prejudicial error is made to appear.

No error.

RODMAN, J., took no part in the consideration or decision of this case.