SAM ZIMMERMAN v. HOGG & ALLEN, PROFESSIONAL ASSOCIATION, SUCCESSOR TO GREENE, HOGG & ALLEN, PROFESSIONAL ASSOCIATION, AND GLENN L. GREENE, JR.

No. 7423SC291

(Filed 7 August 1974)

Attorney and Client § 5; Partnership § 5— misappropriation of funds by attorney — liability of professional association

A professional association of attorneys engaged in the practice of labor law is not liable for one attorney's misappropriation of funds given to such attorney for the purpose of investment in the common stock of a corporation since counseling concerning investments was not a part of the firm's business and the criminal conduct by the attorney who misappropriated the funds was not a part of his anticipated services.

Judge PARKER concurs in result.

Judge VAUGHN dissenting.

APPEAL by plaintiff from Rousseau, Judge, 2 November 1973 Session of WILKES County Superior Court.

The plaintiff is an officer and employee of Holly Farms Poultry Industries, Inc. The defendant Hogg & Allen is a professional association located in Miami, Florida, and is the successor to the former professional association of Greene, Hogg & Allen. Both professional associations were formed for the principal

purpose of engaging in the practice of law. Greene is the person who formerly was with the professional association.

Holly Farms had engaged Greene, Hogg & Allen to represent it in labor relations and to act as labor counsel for the corporation. The defendant Greene was senior partner and principal stockholder in the association. In March 1971, when the association was engaged in representing the corporation, the plaintiff paid to the defendant Greene the sum of $36,000.00 with which Greene had agreed to purchase and deliver to plaintiff three thousand shares of the common stock of Kentucky Fried Chicken, Inc., or the equivalent number of shares of Heublein, Inc., with whom Kentucky Fried Chicken, Inc., was going to merge. Greene misappropriated these funds to his own use. In January 1972, the defendant Greene separated from the professional association, and its name was changed to Hogg & Allen, P.A.

The plaintiff brought this action against Glenn L. Greene, Jr., individually, and against Hogg & Allen as successor to Greene, Hogg & Allen. Summary judgment was granted in favor of Hogg & Allen, and the plaintiff gave notice of appeal. There was no factual dispute in the evidence presented by affidavits and by exhibits. At all times complained of, the defendant Greene was the senior partner and major stockholder in the professional association of Greene, Hogg & Allen. This association limited its practice to labor law. It had been retained by the corporation to represent it in its labor relations with its employees. In the course of this representation, the plaintiff became acquainted with the defendant Glenn Greene. The plaintiff stated he had requested that the funds be handled through the association and that he had received correspondence from the defendant Greene on the association's stationery. However, all the letters were signed by Greene individually. The check from the plaintiff to Mr. Greene was made to him individually and not to the firm. Some refunds had been made to the plaintiff and another employee of Holly Farms who had invested with Greene, and these refunds were made on the individual checks of Glenn Greene.

The plaintiff had discussed the nature of the investment with the defendant Greene before furnishing him with the funds. Greene had explained the availability of the stock and also had explained the possibility of the merger between Kentucky Fried Chicken and Heublein. There was some evidence that Greene

had discussed with another member of Holly Farms certain personal problems the other member was having and had given him some advice on those matters.

After considering all the evidence by affidavit and exhibit, the trial court rendered summary judgment in favor of Hogg & Allen. From the decision the plaintiff appealed.

*McElwee and Hall by W. H. McElwee and T. V. Adams for plaintiff-appellant.*

*Hudson, Petree, Stockton, Stockton, and Robinson by Ralph M. Stockton, Jr., and James H. Kelly, Jr., for defendant-appellee, Hogg and Allen.*

CARSON Judge.

At the outset, we note the fact that Hogg and Allen is a professional association neither enlarges nor diminishes their professional responsibility. Under North Carolina law, professional corporations are liable to the same extent as if they were a partnership. G.S. 55B-9.

The general rule in this jurisdiction is that a partner or officer cannot bind the partnership or corporation beyond the normal scope of his authority. *Moore v. WOOW, Inc.,* 253 N.C. 1, 116 S.E. 2d 186 (1960) ; *Edgewood Knoll Apartments v. Braswell,* 239 N.C. 560, 80 S.E. 2d 653 (1954). While our courts have not decided a case where a partner in a law firm receives money to invest, and appropriates it to his own use, this problem has arisen in other jurisdictions. In the case of *Rouse v. Pollard,* 130 N.J. Eq. 204, 21 A. 2d 801 (1941), the plaintiff was represented by a partner in the law firm. The plaintiff sold some securities and presented a check made to one of the partners to invest for her. The partner sent her several checks of his which purportedly were interest from the investment. However the plaintiff discovered that the partner had appropriated the funds. The New Jersey court held that the placing of money for the purposes named was not a function of the practice of law, and it was not a part of the practice of the defendants. The partnership, therefore, was not liable. A similar case is *Riley v. Laroucque,* 163 Misc. 423, 297 N.Y.S. 756 (1937), in which a partner accepted $6,000.00 from the plaintiff for the purpose of investment. Again, it was held that this was not a part of the practice of law, and the remaining partners were not liable

Zimmerman v. Hogg & Allen

for the criminal conduct of the one. In the recent case of *Jackson v. Jackson,* 20 App. 406, 201, S.E. 2d 722 (1974), the plaintiff alleged that his wife and her attorney had conspired to institute criminal proceedings against him maliciously and without cause. He sought to hold the law firm responsible for the conduct of his wife's attorney. This court held that a lawyer who engages in malicious prosecution is not acting in the ordinary course of his firm's business even though counseling concerning the advisability of bringing such a suit was a part of the firm's business. The matter was distinguished by the fact that the partner allegedy was acting maliciously and this took him outside the scope of the firm's business.

The instant case is clearer than that of *Jackson v. Jackson.* Here, counseling concerning investments was not a part of the firm's business, especially since the firm limited its practice to labor law. Furthermore, the criminal conduct on the part of the defendant Greene was not a part of his anticipated services. The conduct of Greene was in violation of the standards of his profession, as well as the criminal laws.

The conduct of Greene was not a part of his professional affairs and consequently summary judgment was properly granted.

No error.

Judge PARKER concurs in result.

Judge VAUGHN dissents.

Judge VAUGHN dissenting:

In my opinion conflicting inferences arise from the evidence before the Court on defendant's motion for summary judgment. Defendant has failed to carry its burden to show (1) the absence of any question of material fact and (2) that plaintiff, as a matter of law, cannot recover on his claim.