CECIL C. JACKSON, JR. v. CAROLYN S. JACKSON; AND JAMES N. GOLDING, WILLIAM C. MORRIS, JR., JAMES F. BLUE, III, AND ANN H. PHILLIPS, DOING BUSINESS AS WILLIAMS, MORRIS, AND GOLDING

No. 7328SC648

(Filed 9 January 1974)

**Partnership § 5— malicious prosecution on advice of attorney — liability of partners of attorney**

All the partners in a law firm are not liable for a malicious prosecution instituted upon the advice of one of the partners without the participation, authorization, knowledge or approval of the other partners since a lawyer who engages in a malicious prosecution is not acting in the ordinary course of his firm's business. G.S. 59-43.

APPEAL by plaintiff from *Martin (Harry C.), Judge,* 30 April 1973 Session of Superior Court held in BUNCOMBE County.

This is an action for conspiracy, malicious prosecution, and abuse of process.

Plaintiff, Cecil C. Jackson, Jr., filed complaint against his wife, Carolyn S. Jackson, from whom he was separated, and the four partners in the law firm of Williams, Morris and Golding (now Morris, Golding, Blue, and Phillips), alleging that one of the members of the firm, James N. Golding, had conspired with plaintiff's wife to institute criminal proceedings against the plaintiff maliciously and without probable cause.

According to the allegations of the complaint, a warrant was issued on 19 June 1972 for the arrest of plaintiff, charging him with attempting to burn a dwelling house and two automobiles in violation of G.S. 14-66 and G.S. 14-67. The warrant was issued at the instance of plaintiff's wife who had consulted with her attorney, Mr. Golding. Plaintiff was arrested but never tried, and the charges against him were nolle prossed.

Plaintiff sought to hold the defendants Morris, Blue, and Phillips liable for the alleged tortious conduct of their partner, Golding.

Motion for summary judgment was filed by Morris, Blue, and Phillips supported by affidavits which were uncontradicted establishing the fact that they did not participate in or authorize any alleged acts of Mr. Golding.

Jackson v. Jackson

The court granted their motion and dismissed the action as to William C. Morris, James F. Blue III, and Ann H. Phillips.

Plaintiff has appealed.

*Wilson and Morrow, by Harold R. Wilson and John F. Morrow; and Vaughn & Gray for plaintiff appellant.*

*Uzzell and DuMont, by Harry DuMont, for defendant appellees.*

BALEY, Judge.

The single question presented by this appeal is whether all partners in the law firm are liable for a malicious prosecution instituted upon the advice of one of the partners but without the participation, authorization, knowledge, or approval of the other partners. The trial court has denied such vicarious liability and granted summary judgment for the defendant partners who were not personally involved. In our view this decision is correct and is affirmed.

G.S. 59-43 provides: "Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his co-partners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act."

The rules governing partnership tort liability are fully applicable to law partnerships. *See* Crane & Bromberg, Partnership, § 54, at 308-09; *Priddy v. Mackenzie*, 205 Mo. 181, 103 S.W. 968 (1907). Thus the question at issue in this case is whether a lawyer who engages in malicious prosecution is *acting in the ordinary course of his firm's business.*

Advising the initiation of a criminal prosecution is clearly within the normal range of activities for a typical law partnership, but taking such action maliciously and without probable cause is quite a different matter. In this case the acting partner, Mr. Golding, was either conducting himself lawfully and ethically in his relationship with his client, in which event neither he nor any of his partners would have any liability, or he was conducting himself maliciously and unlawfully and would not be acting in the ordinary course of the partnership busi-

ness. Whatever may be the eventual determination of the conduct of Mr. Golding, it is evident that his partners who did not authorize, participate in, or even know about such conduct would not be held responsible for any injury the conduct may have caused.

Canon 15 of the North Carolina Canons of Professional Ethics states:

> "In the judicial forum the client is entitled to the benefit of any and every remedy and defense that is authorized by the law of the land, and he may expect his lawyer to assert every such remedy or defense. But it is steadfastly to be borne in mind that the great trust of the lawyers is to be performed within and not without the bounds of the law. The office of attorney does not permit, much less does it demand of him for any client, violation of law or any manner of fraud or chicane."

Disciplinary Rule 7-102(A) of the North Carolina State Bar Code of Professional Responsibility (effective 1 January 1974) more specifically states:

> "In his representation of a client, a lawyer shall not:
>
> (1) File a suit . . . or take other action on behalf of his client when he knows or when it is obvious that such action would serve merely to harass or maliciously injure another.
>
> \*  \*  \*
>
> (7) Counsel or assist his client in conduct that the lawyer knows to be illegal or fraudulent."

In view of these rules, which clearly forbid any attempt by a lawyer to prosecute a person without cause, it cannot be held that malicious prosecution is within the ordinary course of business of a law partnership.

The North Carolina Supreme Court has refused to hold a partner vicariously liable when his partner commits the tort of malicious prosecution. "[T]he mere fact that [defendant] was a partner . . . without evidence, direct or circumstantial, of at least his knowledge, approval, or consent, would not be sufficient to connect him with the prosecution." *Bowen v. Pollard*, 173 N.C. 129, 134, 91 S.E. 711, 713; *accord, Marks & Co. v. Hast-*

*ings,* 101 Ala. 165, 13 So. 297 (1893) ; *Rosenkranz v. Barker,* 115 Ill. 331, 3 N.E. 93 (1885) ; *Noblett v. Bartsch,* 31 Wash. 24, 71 P. 551 (1903).

The entry of summary judgment is affirmed.

Affirmed.

Judges VAUGHN and HEDRICK concur.