BRITT FENDER AND REBUILDABLE CARS, INC., PLAINTIFFS V.
W. ROBINSON DEATON, JR., DEFENDANT

No. COA01-633

(Filed 17 September 2002)

**1. Statutes of Limitation and Repose— legal malpractice— continuing course of conduct not applicable**

The trial court did not err by holding that the statute of limitations bars a professional negligence claim against an attorney where the attorney voluntarily dismissed plaintiff's contract claim on 1 October 1990, plaintiffs discovered that the case had been dismissed in November of 1993, and plaintiffs filed this action on 9 October 1996. The last opportunity for defendant to act was on 1 October 1991, one year after the voluntary dismissal; the "continuing course of treatment" doctrine is not extended to legal malpractice.

---

**2. Statutes of Limitation and Repose— legal malpractice action—not governed by limitations for fraud**

The trial court did not err by granting summary judgment for defendant-attorney under the statute of limitations for professional malpractice, N.C.G.S. § 1-15(c). Plaintiff contended that the action was governed by the statute of limitations for fraud, but the allegations in the complaint set forth nothing more than an ordinary claim for legal malpractice.

**3. Fraud— constructive—legal malpractice**

The trial court did not err by dismissing a claim for constructive fraud against an attorney where plaintiffs failed to allege that the attorney took advantage of a position of trust to benefit himself. The allegations were claims for ordinary legal malpractice, barred by the statute of limitations.

Appeal by plaintiffs from judgment entered 27 November 2000 by Judge Beverly T. Beal in Mecklenburg County Superior Court. Heard in the Court of Appeals 13 March 2002.

*John E. Hodge, Jr. for plaintiffs-appellants.*

*Dean & Gibson, L.L.P., by Rodney Dean & Barbara J. Dean, for defendant-appellee.*

TIMMONS-GOODSON, Judge.

This appeal arises from the summary judgment for defendant of a legal malpractice action against Attorney W. Robinson Deaton, Jr. Plaintiffs, Britt Fender and Rebuildable Cars, Inc., argue on appeal that the trial court erred in granting summary judgment because: (I) the statute of limitations did not bar their claims against Mr. Deaton, and (II) genuine issues of material fact were presented by their claim of fraud against Mr. Deaton. We disagree with plaintiffs' contentions and therefore, affirm the order of the trial court.

The facts indicate that plaintiffs brought a legal malpractice action on 9 October 1996 against Mr. Deaton alleging claims for fraud, constructive fraud, and negligence based upon legal malpractice. The complaint alleged that on or about March of 1987, plaintiffs hired Mr. Deaton to bring a breach of contract action against Wayne Allen. Plaintiffs alleged that Mr. Deaton failed to prepare the case for trial and further, that on 1 October 1990, without plaintiffs' knowledge or consent, Mr. Deaton voluntarily dismissed

the action without prejudice under Rule 41 of the North Carolina Rules of Civil Procedure.

On 27 June 2000, Mr. Deaton moved to dismiss plaintiffs' cause of action under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure on the grounds that the action was barred by all applicable statute of limitations and repose. After considering additional materials submitted by Mr. Deaton in support of his motion, the trial court granted summary judgment in his favor. Plaintiffs appealed.

Preliminarily, we note that the trial court properly treated Mr. Deaton's motion to dismiss as one for summary judgment. On a motion to dismiss pursuant to 12(b)(6), "if matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Pinney v. State Farm Mut. Ins. Co.*, 146 N.C. App. 248, 251, 552 S.E.2d 186, 189 (2001). Since the trial court considered additional documents in the form of interrogatories and depositions of plaintiff Britt and Mr. Deaton, the trial court properly noted that "the matters now before the Court are for summary judgment."

[1] On appeal, plaintiffs first contend that the trial court erred by holding that the statute of limitations bars plaintiffs' claim for professional negligence under N.C. Gen. Stat. § 1-15(c). Plaintiffs argue that although Mr. Deaton voluntarily dismissed their action against Wayne Allen on 1 October 1990, the "last act" for purposes of the statute of limitations occurred in November of 1993 when plaintiff Britt discovered that the case had been dismissed. Therefore, plaintiffs contend, the action was timely filed within the three-year statute of limitations under N.C. Gen. Stat. § 1-15(c), on 1 October 1996.[1] We disagree.

N.C. Gen. Stat. § 1-15 (c) which governs legal malpractice claims, establishes a four-year statute of repose and a three-year statute of limitations. *McGahren v. Saenger*, 118 N.C. App. 649, 652, 456 S.E.2d 852, 853, *appeal dismissed and disc. review denied*, 340 N.C. 568, 460 S.E.2d 319 (1995). It provides in pertinent part:

1. Plaintiffs urge this Court to extend the "continuing course of treatment" doctrine to legal malpractice claims. Under that doctrine, which our Supreme Court has applied to medical practice claims, "[the] running of the statute of limitations period is tolled during the time a physician continues to treat a patient in relation to the original act, omission, or failure which gave rise to the claim." *State Ex Rel. Long v. Petree Stockton, L.L.P.*, 129 N.C. App. 432, 442, 499 S.E.2d 790, 797 (1996). However, that doctrine has never been applied by our Courts in the context of a legal malpractice action, and we decline to extend it to legal malpractice actions under the facts of this case.

Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to *accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action*: Provided that whenever there is bodily injury to the person, economic or monetary loss, or a defect in or damage not readily apparent to the claimant at the time of its origin, and the injury, loss, defect, or damage is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action, suit must be commenced within one year from the date the discovery is made: Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years. Provided further, that in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action[.]

N.C. Gen. Stat. § 1-15 (c) (2001) (emphasis added). Thus, the statute creates a statute of limitations based upon the date of the " 'last act of the defendant giving rise to the cause of action.' " *Id.* at 652, 456 S.E.2d at 854 (quoting *Sharp v. Teague*, 113 N.C. App. 589, 593, 439 S.E.2d 792, 795 (1994), *disc. review denied*, 339 N.C. 730, 456 S.E.2d 771 (1995)).

In the instant case, the facts show that on 1 October 1990, Mr. Deaton voluntarily dismissed the Allen action without prejudice under Rule 41(a) which requires that any new action after a voluntary dismissal, must be re-filed within one year after the dismissal. *See* N.C. Gen. Stat. § 1A-1, Rule 41(a) (2001). Thus, the last opportunity for Mr. Deaton to act on the Allen case occurred on 1 October 1991, which is one year after the case was voluntarily dismissed and the last date by which Deaton could have filed plaintiff's case. Since five years had passed before plaintiffs brought the subject legal malpractice action against Mr. Deaton in October of 1996, the trial court properly granted summary judgment on the grounds that plaintiffs' claims arising under legal malpractice were barred by the statute of limitations under N.C. Gen. Stat. § 1-15(c).

**[2]** Plaintiffs further argue that the trial court erred by granting summary judgment as to his claim for fraud because the statute of limitations for fraud claims are governed by the statute of limitations under N.C. Gen. Stat. § 1-52(9). We disagree because the plaintiffs' allegations of fraud are in essence claims of legal malpractice

which are governed by the three-year statute of limitations under N.C. Gen. Stat. § 1-15(c).

The elements of fraud are " '(1) false representation or conceal-ment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) result-ing in damage to the injured party.' " *McGahren*, 118 N.C. App. at 654, 456 S.E.2d at 855 (quoting *Ragsdale v. Kennedy*, 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974)).

In the instant case, plaintiffs' claim for fraud alleges that (1) Mr. Deaton failed to accept or return calls, (2) Mr. Deaton failed to discuss the cause of action with plaintiff, (3) Mr. Deaton dismissed the case on 1 October 1990, without the knowledge or consent of plaintiff, and (4) that he concealed and did not disclose the legal effect of a dismissal with prejudice. Clearly, the allegations set forth in plaintiffs' complaint are nothing more than ordinary claims of legal malpractice, which, as stated above, are barred by N.C. Gen. Stat. § 1-15(c). This assignment of error is therefore overruled.

[3] In their last assignment of error, plaintiffs contend that the trial court erred by dismissing its claim for constructive fraud. We disagree.

"In order to maintain a claim for constructive fraud, plaintiffs must show that they and defendants were in a 'relationship of trust and confidence . . .[which] led up to and surrounded the consumma-tion of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff.' " *Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 666, 488 S.E.2d 215, 224 (1997) (citation omitted). "Constructive fraud differs from actual fraud in that 'it is based on a confidential relationship rather than a specific misrepresentation.' " *Id.* (quoting *Terry v. Terry*, 302 N.C. 77, 85, 273 S.E.2d 674, 678-79 (1981)). With this requirement, there must be an allegation that defendant sought to benefit himself. *Id.* "A claim of constructive fraud based upon a breach of fiduciary duty falls under the ten-year statute of limitations contained in N.C. Gen. Stat. § 1-56." *Nationsbank of N.C. v. Parker*, 140 N.C. App. 106, 113, 535 S.E.2d 597, 602 (2000).

In the instant case, plaintiffs' claim for constructive fraud alleges that Mr. Deaton: (1) failed to prepare or settle the case, (2) that Mr. Deaton dismissed the case without plaintiffs' knowledge; (3) that he concealed the dismissal from plaintiffs and that he made unspecified

misrepresentations to plaintiffs about the case. However, the plaintiffs failed to allege that Mr. Deaton took advantage of his position of trust for the purpose of benefitting himself. Thus, plaintiffs' claim for constructive fraud must fail. Moreover, as stated previously, these allegations are no more than claims of ordinary legal malpractice, which as we have stated, are barred by the statute of limitations. This assignment of error is overruled.

In sum, we affirm the judgment of the trial court.

Affirmed.

Judges WYNN and TYSON concur.