DAVID M. GOODMAN, PLAINTIFF v. HOLMES & McLAURIN ATTORNEYS AT LAW, A/K/A HOLMES & McLAURIN, A/K/A HOLMES & McLAURIN, ATTORNEYS, A NORTH CAROLINA PARTNERSHIP; HOLMES & McLAURIN, L.L.P., A NORTH CAROLINA REGISTERED LIMITED LIABILITY PARTNERSHIP; R. EDWARD McLAURIN, JR., P.L.L.C., A NORTH CAROLINA PROFESSIONAL LIMITED LIABILITY COMPANY; RALPH EDWARD McLAURIN, JR.; AND EDWARD S. HOLMES, DEFENDANTS

No. COA07-199

(Filed 2 September 2008)

1. **Appeal and Error— appealability—court's dismissal of some claims—voluntary dismissal of remaining claims**

    The appeal of a plaintiff in a legal malpractice action was not interlocutory where some of plaintiff's claims were dismissed by the trial court and the surviving claims were dismissed by plaintiff. Defendants' argument that a voluntary dismissal without prejudice is not a final determination is based on a case that is factually distinguishable and not controlling.

2. **Statutes of Limitation and Repose— legal malpractice—no statutory exceptions**

    Plaintiff's legal malpractice claim was barred by the statute of repose, and the trial court did not err by dismissing plaintiff's claim, where the last opportunity for defendant McLaurin to act on plaintiff's claim occurred nearly seven years before the action was brought and N.C.G.S. § 1-15(c) allows four years for such claims. Although defendant McLaurin's alleged actions are partic-

ularly egregious, it is for the legislature to create exceptions to statutes of repose.

### 3. Partnerships— legal—fraud—liability of partners

Although a partnership is liable for loss caused by a partner in the ordinary course of business, fraud associated with legal representation is not in the ordinary course of a partnership and the trial court here did not err by dismissing plaintiff's claims against the partners.

### 4. Appeal and Error— denial of motion to dismiss—voluntary dismissal of claim

The trial court's denial of defendant's motion to dismiss a fraud claim was not before the Court of Appeals where plaintiff had taken of voluntary dismissal of that claim.

Appeal by plaintiff from judgment entered 2 November 2006 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 11 October 2007.

*Hedrick Murray & Cheek, P.L.L.C., by Josiah S. Murray, III and John C. Rogers, III, for plaintiff-appellant.*

*Bailey & Dixon, L.L.P., by Kenyann Brown Stanford and John T. Crook, for defendant-appellees R. Edward McLaurin, Jr., PLLC, and R. Edward McLaurin, Jr.*

*Young Moore and Henderson, P.A., by Walter E. Brock, Jr. and Elinor M. Johnsey, for defendants Holmes & McLaurin and Holmes.*

STEELMAN, Judge.

Where plaintiff's professional negligence claim was barred by the statute of repose, the trial court did not err in dismissing this claim pursuant to N.C. R. Civ. P. 12(b)(6). Fraudulent conduct is not in the ordinary course of business of a law partnership, and the trial court did not err in dismissing plaintiff's claim of fraud as to McLaurin's partners.

### I.  Factual and Procedural Background

Since these matters were decided by the trial court on defendants' motions to dismiss pursuant to Rules 12(b)(6) and 12(c) of the Rules of Civil Procedure, both the trial court and this court must

treat the factual allegations contained in plaintiff's complaint as true. *See Cage v. Colonial Bldg. Co.*, 337 N.C. 682, 683, 448 S.E.2d 115, 116 (1994). The following are the facts as alleged in plaintiff's complaint.

On 31 July 1992, David M. Goodman (plaintiff) was injured in an automobile collision. Plaintiff hired the law firm of Holmes & McLaurin (H&M Partnership) to represent him with respect to his personal injury and property damage claims. Edward McLaurin, Jr. (McLaurin) had primary responsibility for plaintiff's representation and filed a complaint on 28 July 1995. On 21 October 1997, McLaurin filed a voluntary dismissal without prejudice, without the knowledge or consent of plaintiff. When McLaurin failed to re-file plaintiff's lawsuit within one year, plaintiff's claims against the original tortfeasors were barred by the three year statute of limitations pursuant to N.C. Gen. Stat. §§ 1A-1, Rule 41(a) and 1-52(5).

Following the filing of the voluntary dismissal, McLaurin took affirmative steps to conceal his action, or lack of action, from plaintiff. He advised plaintiff that the insurer of the tortfeasors in the 1992 accident was St. David's Trust, located in Barcelona, Spain. In fact, no such entity ever existed. McLaurin advised plaintiff that he was negotiating a settlement with St. David's Trust, and in June 2000, faxed a purported "settlement offer" to plaintiff. This offer was rejected by plaintiff. Subsequently, two further offers, supposedly made by St. David's Trust, were submitted to plaintiff. Plaintiff eventually "accepted" a settlement in the amount of $200,000. McLaurin forwarded to plaintiff a "Trust Memorandum" allegedly from St. David's Trust, dated 29 September 2000, showing that the settlement would be paid in two installments of $100,000 on 31 December 2001 and 31 December 2002. The settlement was to be funded by St. David's Trust or the Landau Foundation. Between January and July of 2001, there were three transfers of funds from the H&M Partnership's Trust Account to plaintiff's bank account, totaling $25,000. McLaurin represented to plaintiff that these funds represented "interim payments" by St. David's Trust to assist plaintiff with his medical bills.

From 2001 through 2003, McLaurin continued to assure plaintiff that he was still "dealing with" St. David's Trust to obtain the monies provided for in the "Trust Memorandum." In January 2004, McLaurin sent plaintiff a copy of a purported complaint against the original tortfeasors and St. David's Trust. The complaint sought damages from St. David's Trust for breach of the settlement agreement and for unfair and deceptive trade practices. McLaurin asked plaintiff to exe-

cute a verification of the complaint. Plaintiff was told by McLaurin that the complaint had been filed. When plaintiff pressed McLaurin for confirmation on the status of this matter, McLaurin sent plaintiff a copy of an e-mail supposedly from a lawyer in Spain.

On 11 December 2001, plaintiff was injured in a second automobile accident. He hired the H&M partnership to represent him with respect to his personal injury claim. In November 2005, plaintiff learned for the first time of McLaurin's 1997 dismissal of plaintiff's claims and his subsequent failure to re-file the action within one year. Plaintiff also learned that McLaurin had not filed suit against St. David's Trust.

On 9 May 2006 Plaintiff filed a complaint against defendants, seeking to recover damages based upon the negligent and fraudulent conduct of McLaurin, which plaintiff alleged was imputed to the other defendants by virtue of their relationship with McLaurin. The complaint asserted five causes of action: (1) negligence and professional malpractice arising out of the handling of plaintiff's 1992 accident claim; (2) negligence and professional malpractice arising out of the handling of plaintiff's 2001 accident claim; (3) fraud arising out of the alleged cover-up of McLaurin's actions concerning the 1992 accident; (4) gross negligence, including a claim for punitive damages; and (5) breach of fiduciary duty. The defendants included McLaurin, H&M Partnership, one of McLaurin's partners, Edward S. Holmes (Holmes), and two successor law firms created by McLaurin in 2003: the Holmes & McLaurin L.L.P. (the "H&M L.L.P.") and R. Edward McLaurin, Jr., P.L.L.C. (the "McLaurin P.L.L.C.").

On 16 August 2006, Holmes, the H&M Partnership, and the H&M L.L.P. (hereinafter collectively referred to as the "Holmes defendants") filed a Rule 12(b)(6) motion to dismiss plaintiff's claims against them on the grounds that plaintiff's claims were barred by the statute of repose pursuant to N.C. Gen. Stat. § 1-15(c). On 21 August 2006, McLaurin and the McLaurin PLLC (hereinafter collectively referred to as the "McLaurin defendants") filed an answer to plaintiff's complaint, and on 22 September 2006 the McLaurin defendants filed a motion to dismiss the first, third, fourth, and fifth causes of action pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(6) and 12(c).

On 2 November 2006, the trial court filed two orders. The first order granted the McLaurin defendants' motion to dismiss plaintiff's first, fourth, and fifth causes of action. The McLaurin defendants' motion to dismiss as to the third cause of action and the portion of

the fourth cause of action asserting a claim for punitive damages based upon conduct alleged in the third cause of action was denied. The second order granted the Holmes defendants' motion to dismiss as to all of plaintiff's claims.

On 29 November 2006, plaintiff dismissed without prejudice his third cause of action and his claim for punitive damages against the McLaurin defendants. On 22 December 2006, plaintiff voluntàrily dismissed without prejudice his negligence cause of action arising out of the McLaurin defendants' legal representation of his claim for the 2001 accident.

On 29 November 2006, plaintiff filed notice of appeal from each of the trial court's orders. On 11 December 2006, the McLaurin defendants filed notice of appeal as to the denial of their motion to dismiss plaintiff's third cause of action and the claim for punitive damages. On 22 December 2006, plaintiff filed a second notice of appeal.

## II. Motion to Dismiss Appeal

[1] We first address the McLaurin defendants' motion to dismiss plaintiff's appeal. The McLaurin defendants contend that, because the trial court dismissed only some of plaintiff's claims, the trial court's order is interlocutory and is not immediately appealable. We disagree.

"A judgment is either interlocutory or the final determination of the rights of the parties." *Curl v. American Multimedia, Inc.*, 187 N.C. App. 649, 652, 654 S.E.2d 76, 78 (2007) (quoting N.C. Gen. Stat. § 1A-1, Rule 54(a) (2005)). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Id.* (quoting *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950)). "Ordinarily, an appeal from an order granting summary judgment to fewer than all of a plaintiff's claim is premature and subject to dismissal." *Combs & Assocs. v. Kennedy*, 147 N.C. App. 362, 367, 555 S.E.2d 634, 638 (2001) (citation omitted). However, "[p]laintiff's voluntary dismissal of [the] remaining claim does not make the appeal premature but rather has the effect of making the trial court's grant of partial summary judgment a final order." *Id.* (citation omitted).

In the instant case, plaintiff voluntarily dismissed all of the claims which survived the trial court's two orders of 2 November

2006. Thus plaintiff's claims were no longer interlocutory, and any rationale for dismissing the appeal as interlocutory fails.

Defendant's rely on *Hill v. West*, 177 N.C. App. 132, 627 S.E.2d 662 (2006) for the proposition that the voluntary dismissal without prejudice of the surviving claims of a partial summary judgment is not a "final determination of the rights of the parties," and cannot be used to render a partial summary judgment appealable.

The plaintiffs in *Hill* appealed the trial court's order of partial summary judgment twice. On the first appeal, this Court concluded that the appeal was interlocutory because plaintiffs' claims against certain defendants remained pending. This Court dismissed plaintiffs' appeal, and admonished plaintiffs for violating Rule 28(b)(4) of the Rules of Appellate Procedure for failing to include in their appellate brief a statement of the grounds for appellate review. *Id.* at 133, 627 S.E.2d at 663.

Following the dismissal of their appeal, plaintiffs voluntarily dismissed their remaining claims without prejudice and again appealed. On the second appeal, this Court concluded that the merits of plaintiffs' appeal would not be reached because plaintiffs again failed to include a statement of the grounds for appellate review. The *Hill* Court went on to state that the partial summary judgment was interlocutory because plaintiffs remained at liberty to re-file their voluntarily dismissed claims. *Id.* at 135-36, 627 S.E.2d at 664.

Plaintiff argues, and we agree, that *Hill* is not controlling. *Hill* is factually distinguishable from the instant case. Unlike the plaintiffs in *Hill*, plaintiff in the instant case followed the Rules of Appellate Procedure. *See Curl* at 354, 654 S.E.2d at 80 ("[T]he Court in *Hill* stated several reasons for the dismissal, including plaintiffs' repeated failure to comply with the North Carolina Rules of Appellate Procedure, and the Court's perception that the appellants were 'manipulating the Rules of Civil Procedure in an attempt to appeal the 2003 summary judgment that otherwise would not be appealable.' ").

We hold the trial court's order is not interlocutory and plaintiff's appeal is properly before this Court. Defendants' argument is without merit.

### III. Dismissal of Plaintiff's Negligence Claim

[2] In his first argument, plaintiff contends that the trial court erred by concluding that plaintiff could not use equitable estoppel to pre-

vent McLaurin, the H&M Partnership, and Holmes from relying on the statute of repose, and dismissing his first cause of action for negligence and professional malpractice against McLaurin, the H&M Partnership, and Holmes. We disagree.

## A.  Standard of Review

The standard of review of an order allowing a Rule 12(b)(6) motion is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory[.]" *Bowman v. Alan Vester Ford Lincoln Mercury*, 151 N.C. App. 603, 606, 566 S.E.2d 818, 821 (2002) (quotation omitted). "The complaint should be 'liberally construed, and the court should not dismiss the complaint unless it appears beyond doubt that [the] plaintiff could prove no set of facts in support of his claim which would entitle him to relief.' " *State ex rel. Cooper v. Ridgeway Brands Mfg., L.L.C.*, 184 N.C. App. 613, 618, 646 S.E.2d 790, 795 (2007) (quotation omitted). We evaluate all facts alleged and permissible inferences therefrom in the light most favorable to plaintiff. *Stephenson v. Town of Garner*, 136 N.C. App. 444, 447, 524 S.E.2d 608, 611 (2000).

## B.  Statute of Repose

N.C. Gen. Stat. § 1-15(c) governs legal malpractice claims, and establishes a three-year statute of limitations and a four-year statute of repose. *Fender v. Deaton*, 153 N.C. App. 187, 189, 571 S.E.2d 1, 2 (2002) (citation omitted). The statute provides in pertinent part:

> [A] cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action. . . . [I]n no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action[.]

N.C. Gen. Stat. § 1-15(c) (2007).

The North Carolina Supreme Court has articulated the difference between a statute of limitations and a statute of repose:

> . . . the period contained in the statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted. . . . Thus, the repose serves as an unyielding and absolute barrier that prevents a plain-

tiff's right of action even before his cause of action may accrue, which is generally recognized as the point in time when the elements necessary for a legal wrong coalesce.

*Black v. Littlejohn*, 312 N.C. 626, 633, 325 S.E.2d 469, 474-75 (1985) (internal citations omitted). "A statute of repose creates an additional element of the claim itself which must be satisfied in order for the claim to be maintained." *Hargett v. Holland*, 337 N.C. 651, 654, 447 S.E.2d 784, 787 (1994) (citation omitted). "If the action is not brought within the specified period, the plaintiff 'literally has *no* cause of action. The harm that has been done is *damnum absque injuria*—a wrong for which the law affords no redress.'" *Id.* (quotations omitted).

## C. Equitable Estoppel

The issue presented is whether the courts can apply principles of equity to circumvent the "unyielding and absolute barrier" of a statute of repose.

Plaintiff cites the cases of *Wood v. BD&A Constr., L.L.C.*, 166 N.C. App. 216, 601 S.E.2d 311 (2004); *Cacha v. Montaco, Inc.*, 147 N.C. App. 21, 554 S.E.2d 388 (2001); *Bryant v. Adams*, 116 N.C. App. 448, 448 S.E.2d 832 (1994); and *One North McDowell Assn. v. McDowell Development*, 98 N.C. App. 125, 389 S.E.2d 834 (1990), for the proposition that "[e]quitable estoppel may . . . defeat a defendant's statute of repose defense." *Wood* at 220, 601 S.E.2d at 314.

The cases cited by plaintiff are inapplicable to the instant case. Unlike plaintiff's professional malpractice claim, governed by N.C. Gen. Stat. § 1-15(c), the cases cited by plaintiff dealt with claims governed by N.C. Gen. Stat. § 1-50(a)(5), which provides a six-year statute of repose for actions "to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property . . ." N.C. Gen. Stat. § 1-50(a)(5) (2007). Subsection (e) of this statute specifically states that the six year statute of repose "shall not be asserted as a defense by any person who shall have been guilty of fraud, or willful or wanton negligence . . . or to any person who shall wrongfully conceal any such fraud, or willful or wanton negligence." *Id.*

N.C. Gen. Stat. § 1-15(c) contains no comparable exception to its four year statute of repose. This Court has consistently refused to apply equitable doctrines to estop a defendant from asserting a

statute of repose defense in the legal malpractice context, and the line of cases addressing this issue specifically state that "G.S. § 1-15(c) contains a four year statute of repose, and equitable doctrines do not toll statutes of repose." *State ex rel. Long v. Petree Stockton, L.L.P.*, 129 N.C. App. 432, 445, 499 S.E.2d 790, 798 (1998) (citing *Stallings v. Gunter*, 99 N.C. App. 710, 716, 394 S.E.2d 212, 216 (1990)); *see also Hargett v. Holland*, 337 N.C. 651, 447 S.E.2d 784 (1994); *Teague v. Isenhower*, 157 N.C. App. 333, 579 S.E.2d 600 (2003); *Fender v. Deaton*, 153 N.C. App. 187, 571 S.E.2d 1 (2002); and *Sharp v. Teague*, 113 N.C. App. 589, 439 S.E.2d 792 (1994).

Plaintiff's reliance on *Duke Univ. v. Stainback*, 320 N.C. 337, 357 S.E.2d 690 (1987) is likewise misplaced. In *Stainback*, the North Carolina Supreme Court held that the doctrine of equitable estoppel could be invoked to bar a defendant from relying on a statute of limitations. *Id.* at 341, 357 S.E.2d at 692. The Court was not presented with a statute of repose issue, and the statute of repose was not addressed in the opinion. Additionally, the subsequent Supreme Court decision in *Hargett v. Holland* established that the statute of repose is an element of the claim itself, whereas the statute of limitations is an affirmative defense to which estoppel may apply. *See Hargett* at 654-55, 447 S.E.2d at 787. Based upon this distinction, this Court has refused to apply principles of equity to the bar imposed by the statute of repose contained in N.C. Gen. Stat. § 1-15(c).

In the instant case, the facts show that on 21 October 1997, McLaurin voluntarily dismissed without prejudice plaintiff's claims arising from the 1992 accident. Rule 41(a) of the North Carolina Rules of Civil Procedure requires that any new action after a voluntary dismissal be refiled within one year after the dismissal. N.C. Gen. Stat. § 1A-1, Rule 41(a) (2007). Thus, the last opportunity for McLaurin to act on plaintiff's claim occurred on 21 October 1998. Plaintiff brought his professional malpractice action against McLaurin on 9 May 2006, nearly seven years after McLaurin's last act. Thus, plaintiff's professional negligence claim was barred by the statute of repose, and the trial court did not err in dismissing plaintiff's claim.

We note that the actions of McLaurin, as alleged in plaintiff's complaint, are particularly egregious. However, it is for the legislature, and not the courts, to establish statutes of limitations, statutes of repose, and any exceptions to those rules. It is not the role of the courts to create exceptions to the laws established by the legislature

where the intent of the legislature is made manifestly clear on the face of the statute. *See Diaz v. Div. of Soc. Servs.*, 360 N.C. 384, 389, 628 S.E.2d 1, 4-5 (2006).

This argument is without merit.

### III.  Partnership Law

**[3]** In his second argument, plaintiff contends that the trial court erred by refusing to "apply settled principles of partnership law" to hold the Holmes defendants liable for the actions of McLaurin, and dismissing plaintiff's claims against the Holmes defendants. We disagree.

The Holmes defendants acknowledge that McLaurin's representation of plaintiff for his claims associated with the 1992 accident was with the authority of the partnership. They contend, however, that the fraudulent concealment of McLaurin's negligence "took him outside the scope of any arguable agency of the firm" and "went so far beyond a lawyer's legitimate role as to place it outside the ordinary scope of business of a law partnership."

A partnership is liable for loss or injury caused by any wrongful act or omission of any partner acting in the ordinary course of business of the partnership or with the actual or apparent authority of his copartners. *Heath v. Craighill, Rendleman, Ingle & Blythe, P.A.*, 97 N.C. App. 236, 241, 388 S.E.2d 178, 181 (1990); N.C. Gen. Stat. § 59-43 (2007). "The rules governing partnership tort liability are fully applicable to law partnerships." *Jackson v. Jackson*, 20 N.C. App. 406, 407, 201 S.E.2d 722, 723 (1974). "The general rule in this jurisdiction is that a partner or officer cannot bind the partnership or corporation beyond the normal scope of his authority." *Zimmerman v. Hogg & Allen*, 22 N.C. App. 544, 546, 207 S.E.2d 267, 269, *rev'd on other grounds*, 286 N.C. 24, 209 S.E.2d 795 (1974). Thus the question at issue is whether a lawyer who engages in fraudulent concealment of his professional negligence is acting in the ordinary course of his law firm's business. *See Jackson* at 407, 201 S.E.2d at 723.

In *Jackson*, a law partnership was sued on the grounds that one of the partners instituted a malicious prosecution. In determining whether the attorney's conduct was within the scope of the partnership, this Court noted that the Rules of Professional Conduct prohibit an attorney from instituting an action on behalf of his client that he knows would merely serve to harass or maliciously injure another. *Id.* at 408, 201 S.E.2d at 724. Based on these rules, we con-

cluded that malicious prosecution was not within the ordinary course of business of a law partnership.

The Rules of Professional Conduct of the North Carolina State Bar require:

Rule 1.4: Communication

(a) A lawyer shall:

> (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent . . ., is required by these Rules;
>
> . . .
>
> (3) keep the client reasonably informed about the status of the matter
>
> (4) promptly comply with reasonable requests for information
>
> . . .

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

As previously discussed, the statute of repose barred plaintiff's claims for professional negligence and malpractice. Thus, the only remaining claim for which the Holmes defendants could be liable was McLaurin's fraudulent concealment of his professional negligence. As in *Jackson*, the representation of a plaintiff in a personal injury action is clearly within the normal range of activities for a typical law partnership. However, fraud associated with such representation, including the failure to keep a client informed about the status of his or her case and the active concealment of the true state of affairs, in violation of the standards of the legal profession, is not in the ordinary course of the partnership business. There is nothing in plaintiff's complaint to suggest that the Holmes defendants authorized, participated in, or even knew about McLaurin's fraudulent conduct.

The trial court did not err in dismissing plaintiff's claims against the Holmes defendants.

This argument is without merit.

**IN RE S.D.J.**

[192 N.C. App. 478 (2008)]

IV.  Fraud

**[4]** In the McLaurin defendants' first cross-assignment of error, they argue that the trial court erred in denying their motion to dismiss the fraud claim in plaintiff's third cause of action on the grounds that plaintiff sustained no actual damages as a result of the alleged fraud.

As plaintiff voluntarily dismissed his fraud claim against the McLaurin defendants, this claim is not before this Court. *See Brannock v. Brannock*, 135 N.C. App. 635, 523 S.E.2d 110 (1999).

We hold that this argument is without merit.

AFFIRMED.

Judges BRYANT and GEER concur.