STEELMAN, Judge.
Where the allegations contained in plaintiff's complaint failed to state claims for which relief may be granted, the trial court did not err in granting defendants' motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.
I. Factual and Procedural Background
On 26 March 2012, Robert E. Tipton, Jr. (decedent) was a student at High Point University (HPU) and a pledge of the local chapter of the Delta Sigma Phi fraternity (the fraternity), and died as a result of fraternity hazing activities. At that time, Jeffrey A. Karpovich (Karpovich) was Director of Security for HPU. Michael Qubein (Qubein), also a student at HPU, was the "pledge master" of the fraternity. Marshall Jefferson (Jefferson) was a member of the fraternity. The fraternity is the HPU chapter of Delta Sigma Phi Fraternity, Inc., (DSP), a national organization.
On 19 March 2014, decedent's estate (plaintiff) brought this action against HPU, DSP, Karpovich, Qubein, and Jefferson (collectively, defendants) for the wrongful death of decedent, alleging negligence against all defendants, civil conspiracy and punitive damages against all defendants except DSP, and assault and battery against Qubein and Jefferson. On 12 May 2014, HPU and Karpovich jointly filed an answer, motion to strike, and motion to dismiss the claims against them. On 9 June 2014, the trial court granted this motion, and dismissed plaintiff's claims against HPU and Karpovich. On 14 August 2014, plaintiff voluntarily dismissed all of its claims against the remaining defendants.
Plaintiff appeals.
II. Interlocutory Appeal
"A judgment is either interlocutory or the final determination of the rights of the parties." Curl v. Am. Multimedia, Inc.,187 N.C.App. 649, 652, 654 S.E.2d 76, 78 (2007) (quoting N.C. Gen.Stat. § 1A-1, Rule 54(a) (2005) ). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." Id.(quoting Veazey v. Durham,231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) ). "Ordinarily, an appeal from an order granting summary judgment to fewer than all of a plaintiff's claim is premature and subject to dismissal." Combs & Assocs. v. Kennedy,147 N.C.App. 362, 367, 555 S.E.2d 634, 638 (2001) (citation omitted). However, "[p]laintiff's voluntary dismissal of [the] remaining claim does not make the appeal premature but rather has the effect of making the trial court's grant of partial summary judgment a final order." Id.(citation omitted).
Goodman v. Holmes & McLaurin Attorneys at Law,192 N.C.App. 467, 471, 665 S.E.2d 526, 530 (2008). Because plaintiff voluntarily dismissed its remaining claims, the trial court's order granting HPU's and Karpovich's motion to dismiss is a final order, and is immediately appealable to this Court.
III. Standard of Review
"The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." Stanback v. Stanback,297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted).
"This Court must conduct a de novoreview of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." Leary v. N.C. Forest Prods., Inc.,157 N.C.App. 396, 400, 580 S.E.2d 1, 4, aff'd per curiam,357 N.C. 567, 597 S.E.2d 673 (2003).
IV. Analysis
In its sole argument on appeal, plaintiff contends that the trial court erred in granting defendants' motion to dismiss. We disagree.
A. Negligence
Plaintiff first contends that it sufficiently alleged claims of negligence against HPU and Karpovich.
To establish a prima faciecase of actionable negligence, a plaintiff must allege facts showing: (1) defendant owed plaintiff a duty of reasonable care; (2) defendant breached that duty; (3) defendant's breach was an actual and proximate cause of plaintiff's injury; and (4) plaintiff suffered damages as the result of defendant's breach.
Winters v. Lee,115 N.C.App. 692, 694, 446 S.E.2d 123, 124 (1994).
The trial court concluded that plaintiff's claims against HPU and Karpovich failed because plaintiff's complaint did not sufficiently allege that they owed decedent a duty of care. The trial court based its ruling on our decision in Mynhardt v. Elon Univ.,220 N.C.App. 368, 725 S.E.2d 632 (2012). In Mynhardt,the plaintiff was attending an off-campus fraternity event when he was forcibly removed by two attendees, resulting in injury and paralysis. Plaintiff's negligence complaint was dismissed by the trial court. On appeal he relied upon Davidson v. Univ. of N.C. at Chapel Hill,142 N.C.App. 544, 543 S.E.2d 920 (2001), which held that the university owed a duty of care to a student who was a member of a school-sponsored, intercollegiate cheerleading team, and was injured during a cheerleading stunt.
We found the issue in Mynhardtdistinguishable from Davidson.In Davidson,the university had undertaken certain responsibilities towards its student athletes; in Mynhardt,we held that no such responsibility was undertaken. Mynhardt,220 N.C.App. at 374-75, 725 S.E.2d at 636-37.
In the instant case, as in Mynhardt,we find Davidsondistinguishable. Decedent was not a "representative" of HPU. He was not acting in the capacity of a student athlete or similar role carrying the school's imprimatur. Decedent was participating in an off-campus fraternity activity, which resulted in his death. While tragic, the mere fact that the fraternity had a chapter at HPU does not mean that the university undertook to insure the personal safety of its members at all times.
Plaintiff further contends that HPU and Karpovich had voluntarily undertaken to protect the safety of pledges in the fraternity. Plaintiff correctly cites to our decision in Hall v. Toreros, II, Inc.,176 N.C.App. 309, 626 S.E.2d 861 (2006)aff'd per curiam,363 N.C. 114, 678 S.E.2d 656 (2009), for the principle that the adoption of general safety regulations does not constitute a voluntary undertaking that creates a duty to a class of people; nonetheless, plaintiff contends, without citing additional authority, that HPU and Karpovich voluntarily undertook to protect the safety of a class of people which included decedent. We are not convinced by this argument, which runs contrary to our established jurisprudence, and is unsupported by law. See e.g. Hall,176 N.C.App. at 316, 626 S.E.2d 866 (holding that "this Court has consistently held that voluntary written policies and procedures do not themselves establish a per sestandard of due care[.]" (citations and quotations omitted)).
Plaintiff further contends that decedent was in a "special relationship" with HPU and Karpovich which was sufficient to create a duty, based upon decedent being a member of a particularly vulnerable group, namely a pledge class member of the fraternity, and dependent upon HPU and Karpovich for his safety. Plaintiff cites Davidson,recognizing that a special relationship does not exist by default between a university and all of its students, or a university and every member of a "student group, club, intermural team, or organization." Davidson,142 N.C.App. at 556, 543 S.E.2d at 928. Nonetheless, plaintiff contends, because decedent was a pledge in the fraternity, and because HPU and Karpovich had considerable power over decedent's welfare in that they had the ability to control the fraternity's violent hazing practices, that HPU and Karpovich had a duty imposed resulting from a special relationship. We hold this argument to be unconvincing.
This argument is without merit.
B. Civil Conspiracy
Plaintiff next contends that it sufficiently pled a claim for civil conspiracy as to all defendants.
"The elements of a civil conspiracy are: (1) an agreement between two or more individuals; (2) to do an unlawful act or to do a lawful act in an unlawful way; (3) resulting in injury to plaintiff inflicted by one or more of the conspirators; and (4) pursuant to a common scheme."
Strickland v. Hedrick,194 N.C.App. 1, 19, 669 S.E.2d 61, 72 (2008) (quoting Privette v. University of North Carolina,96 N.C.App. 124, 139, 385 S.E.2d 185, 193 (1989) ).
In their motion to dismiss, HPU and Karpovich argued that plaintiff's claim for civil conspiracy failed due to a failure to allege the existence of an agreement or common scheme. HPU and Karpovich further argued that the doctrine of intracorporate immunity precluded a conspiracy. The doctrine of intracorporate immunity states that a corporation cannot conspire with itself, as a conspiracy by definition requires at least two actors. State ex. rel. Cooper v. Ridgeway Brands Mfg., LLC,184 N.C.App. 613, 625, 646 S.E.2d 790, 799 (2007). An allegation that a corporation is conspiring with its officers or employees is an allegation that the corporation is conspiring with itself. Id.However, intracorporate immunity does not apply where a corporate agent has an independent personal stake in achieving the corporation's illegal objective. Id.
Plaintiff contends that its complaint falls within this exception to intracorporate immunity. Specifically, plaintiff's complaint alleged that the fraternity was given special treatment, as one of its members, defendant Qubein, was the son of Dr. Nido Qubein, president of HPU. Plaintiff alleged that, as a result of this relationship, Dr. Nido Qubein had an independent personal stake in the fraternity, and gave it special treatment.
Even assuming arguendothat intracorporate immunity did not apply, due to the involvement of Qubein and Jefferson, plaintiff had the burden of alleging the elements of civil conspiracy. We hold that plaintiff failed to do so. The only allegations in plaintiff's complaint concerning conspiracy were (1) a factual allegation that "[HPU] security workers were instructed by officers, managers, and directors of [HPU] to use the lowest level of enforcement possible-particularly with anything involving Qubein and his fraternity[;]" and (2) the conclusory legal argument that "Defendants Qubein, Jefferson, [HPU] and/or Karpovich entered into a civil conspiracy to condone, allow, commit and/or cover up the tortious conduct alleged herein." Plaintiff had the burden of alleging (1) an agreement, (2) to do an unlawful thing, (3) resulting in injury to plaintiff, (4) pursuant to a common scheme. Strickland,194 N.C.App. at 19, 669 S.E.2d at 72. At most, plaintiff alleged that Qubein was singled out for special treatment. We hold that plaintiff did not allege civil conspiracy with sufficient specificity, and that the trial court did not err in dismissing plaintiff's claims of civil conspiracy against HPU and Karpovich.
This argument is without merit.
C. Punitive Damages
Finally, plaintiff contends that, to the extent that this Court finds that any of its claims were dismissed in error, the dismissal of plaintiff's claim for punitive damages was also in error. Because we have found no error with respect to the dismissal of plaintiff's predicate claims, we find no error in the dismissal of plaintiff's claims for punitive damages.
AFFIRMED.
Judges HUNTER, JR., ROBERT N. and DAVIS concur.
Report per Rule 30(e).
Opinion
Appeal by plaintiff from order entered 9 June 2014 by Judge Susan E. Bray in Guilford County Superior Court. Heard in the Court of Appeals 20 May 2015.