DILLON, Judge.
 

 *177
 
 Nolan Mauney, Jr., ("Plaintiff") appeals from the trial court's order of partial summary judgment in his suit against Stephanie Carroll ("Defendant") arising from a traffic accident which caused damages to a car Plaintiff was leasing.
 

 I. Background
 

 In March 2013, Plaintiff leased a new 2013 Porsche Boxter S from a dealership ("Lessor") for a period of 27 months. In October 2013, Plaintiff and Defendant were involved in a traffic accident. The accident caused damage to the Porsche. After the accident, Plaintiff had the Porsche repaired. The repairs were completed in November 2013, a little
 
 *178
 
 over five weeks after the accident. Thereafter, Plaintiff continued driving the Porsche for approximately fifteen (15) months before trading it in to the Lessor for a newer Porsche model.
 

 Plaintiff filed this action against Defendant seeking (1) "repair cost" damages, (2) "loss of use" damages for the time the Porsche was being repaired, and (3) damages for the "diminution in value" of the Porsche as a result of the accident.
 

 Defendant moved for summary judgment. Following a hearing on the matter, the trial court granted Defendant
 
 partial
 
 summary judgment on Plaintiff's claim for (1) "loss of use" damages and (2) "diminution in value" damages.
 
 [1]
 
 Plaintiff timely appealed.
 

 *241
 
 II. Analysis
 

 On appeal, we review a trial court's grant of a motion for summary judgment
 
 de novo
 
 .
 
 In re Will of Jones
 
 ,
 
 362 N.C. 569
 
 , 573,
 
 669 S.E.2d 572
 
 , 576 (2008). Summary judgment is appropriate when, viewed in a light most favorable to the non-moving party, the evidence presents "no genuine issue of material fact" and it is clear that "any party is entitled to a judgment as a matter of law."
 

 Id.
 

 ;
 
 see also
 
 N.C. Gen. Stat. § 1A-1, Rule 56(c) (2015).
 

 Here, Plaintiff challenges the trial court's grant of summary judgment for Defendant on Plaintiff's claims for "diminution in value" damages and "loss of use" damages. We conclude that Plaintiff failed to present competent evidence concerning the diminution in value of his lease interest in the Porsche; therefore, we affirm the trial court's grant of summary judgment in favor of Defendant on Plaintiff's "diminution in value" claim. However, Plaintiff
 
 did
 
 present evidence sufficient to create a material issue of fact regarding his entitlement to "loss of use" damages; therefore, we reverse the trial court's grant of summary judgment with respect to Plaintiff's "loss of use" claim and remand the matter for action consistent with this opinion. We address our resolution of each claim below.
 

 *179
 
 A. Diminution of Value Claim
 

 In the action, Plaintiff seeks "diminution in value" damages, that is, the difference in the fair market value of the Porsche before the accident and the fair market value of the Porsche after the accident. On appeal, Plaintiff argues that the trial court erred in granting Defendant's motion for summary judgment on this claim. We disagree.
 

 It was Plaintiff's burden at the summary judgment hearing to present sufficient evidence to establish his claim for diminution in value damages. Plaintiff argues that although he is not the title owner of the Porsche, he is entitled to recover the diminution of value of the Porsche. As a lessee, Plaintiff does not have standing to seek damages for the diminution in value of the full ownership interest in the Porsche, as damages for this loss would be properly asserted by Lessor.
 
 See
 

 Aubin v. Susi
 
 ,
 
 149 N.C.App. 320
 
 , 324,
 
 560 S.E.2d 875
 
 , 878 (2002) (noting that standing is a "necessary prerequisite to a court's proper exercise of subject matter jurisdiction"). Further, Plaintiff admitted at his deposition that Lessor did not charge him for any diminution of value when Plaintiff traded in the Porsche.
 

 Plaintiff also argues that he is entitled to recover for diminution in value of his leasehold interest. Even assuming that Plaintiff had a valid claim for diminution in value
 
 of his lease interest
 
 , Plaintiff failed to present competent evidence of the diminution in value of this interest. Rather, Plaintiff only offered evidence showing a diminution in value of the
 
 full ownership interest
 
 in the Porsche. Specifically, he offered the opinion of Collision Safety Consultants ("CSC"), a self-described "diminished value and post collision repair inspector," that the Porsche's total value was $68,000 before the accident and $60,000 after the accident.
 

 Therefore, we conclude that the trial court properly granted summary judgment on Plaintiff's "diminution in value" claim.
 

 B. Loss of Use Damages
 

 Plaintiff also seeks "loss of use" damages, contending that he is entitled to damages for the time he was deprived of use of the Porsche during the 37 days it was being repaired. We conclude that there was enough evidence to create a genuine issue of fact on this issue. Accordingly, we reverse the grant of summary judgment on this claim and remand the matter for further proceedings consistent with this opinion.
 

 Our Supreme Court has held that
 
 the owner
 
 of a vehicle damaged by the negligence of another may recover damages for loss of use of
 
 *180
 
 a vehicle during the time it is being repaired.
 
 Roberts v. Pilot Freight Carriers, Inc.
 
 ,
 
 273 N.C. 600
 
 , 606,
 
 160 S.E.2d 712
 
 , 717 (1968). Specifically, in
 
 Roberts
 
 the Court held that
 
 if
 
 the damaged vehicle "can be repaired
 
 *242
 
 at a reasonable cost and within a reasonable time," the owner of the vehicle is "entitled to recover such special damages as he has properly pleaded and proven for the loss of its use during the time he was necessarily deprived of it."
 

 Id.
 

 The Court also held that the cost of renting a substitute vehicle "during the time reasonably necessary to ... repair the [damaged vehicle] is the measure of [loss of use] damage
 
 even though no other vehicle was [actually] rented
 
 ."
 
 Id.
 
 at 607,
 
 160 S.E.2d at 718
 
 (emphasis added).
 
 Roberts
 
 involved damages to a business vehicle. Our Court has held that this same rule applies to personal and pleasure vehicles, stating that an owner is entitled to "loss of use" damages of a personal vehicle even if he did not actually rent a substitute vehicle while the damaged vehicle was being repaired:
 

 A loss of use recovery is generally allowed as to pleasure vehicles as well as business vehicles. Even though loss of use is allowed for pleasure vehicles, some courts have denied recovery unless an actual substitute is obtained.
 
 We decline to hold that plaintiffs must actually rent a substitute to recover for loss of use of a pleasure vehicle.
 

 Martin v. Hare
 
 ,
 
 78 N.C.App. 358
 
 , 364-65,
 
 337 S.E.2d 632
 
 , 636 (1985) (citations omitted) (emphasis added).
 

 In the present case, Plaintiff is not the title owner of the Porsche. Plaintiff admitted this fact in his deposition testimony and by failing to respond to a request for admission which established that he was not the owner. Defendant therefore argues that Plaintiff lacks standing to seek "loss of use" damages. We disagree.
 

 While Plaintiff is not the title owner, he did own a lease interest in the Porsche. Thus, it was Plaintiff who was deprived of his right to use the Porsche while it was being repaired. Lessor, the title owner, did not suffer any loss of use damage during this period because it had no right to use the Porsche for the duration of Plaintiff's lease.
 

 We conclude that there was sufficient evidence before the trial court to create a genuine issue of material fact as to whether Plaintiff is entitled to "loss of use" damages based on whether the Porsche was repaired at a reasonable cost and within a reasonable time.
 
 See
 

 Roberts
 
 ,
 
 273 N.C. at 607
 
 ,
 
 160 S.E.2d at 718
 
 . Specifically, there was evidence that the Porsche was repaired in 38 days after the accident and that the
 
 *181
 
 repairs cost $6,311.00. It is for a jury to determine whether the repair time and costs were reasonable.
 

 We further conclude that there is a genuine issue of material fact regarding the
 
 amount
 
 of Plaintiff's "loss of use" damages. For example, Plaintiff offered a report showing that it would have cost him $400 per day to lease the identical make and model car, evidence which our Supreme Court held in
 
 Roberts
 
 is competent to measure "loss of use" damages. Further, the lease contract between Plaintiff and Lessor-which shows that Plaintiff had agreed to lease the Porsche for twenty-seven (27) months for a total cost of approximately $33,000, or about $40 per day-is some evidence of the cost to rent a replacement car.
 
 See
 

 Sprinkle v. N.C. Wildlife Res. Comm'n
 
 ,
 
 165 N.C.App. 721
 
 , 728-29,
 
 600 S.E.2d 473
 
 , 478 (2004) (concluding that evidence of monthly finance payments made by the owner of a boat was appropriate to consider in measuring loss of use damages).
 

 This is not to say that Plaintiff has established as a matter of law that he is, in fact, entitled to "loss of use" damages. For instance, Plaintiff has a duty to mitigate his damages, and there is evidence that Plaintiff refused offers from the insurance companies involved to provide a rental car while the Porsche was being repaired. Further, there was evidence that Plaintiff actually used another vehicle available to him while the Porsche was being repaired, evidence which a jury could consider in calculating "loss of use" damages. It is for a jury to wade through this evidence and other competent evidence that might be introduced at trial to determine what amount, if any, Plaintiff is entitled to recover for "loss of use" damages.
 

 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 

 Judges ELMORE and HUNTER, JR., concur.
 

 [1]
 

 Although Plaintiff appeals from an order for
 
 partial
 
 summary judgment, this appeal is not interlocutory. The record shows that Plaintiff subsequently took a voluntary dismissal with prejudice of his remaining claim.
 
 See
 

 Goodman v. Holmes & McLaurin Attorneys at Law
 
 ,
 
 192 N.C.App. 467
 
 , 471,
 
 665 S.E.2d 526
 
 , 530 (2008) (holding that a plaintiff's voluntary dismissal of "[a] remaining claim ... has the effect of making the trial court's grant of partial summary judgment a final order").